IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Mickey Clarence Rosenquist,<br><br>Petitioner,<br><br>vs.<br><br>Attorney General of the State of Arizona, et al.,<br><br>Respondents. | No. CIV 09-2495-PHX-FJM (DKD)<br><br><br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE FREDERICK J. MARTONE, U.S. DISTRICT JUDGE:

Mickey Clarence Rosenquist filed a timely, fully exhausted Amended Petition for Writ of Habeas Corpus, challenging his convictions in state court following a jury trial. The jury convicted Rosenquist of the following offenses: (1) manufacture of a dangerous drug; (2) possession of dangerous drugs; (3) possession of drug paraphernalia; and (4) reckless child abuse. The trial court imposed concurrent prison terms, the longest being 7 years. In his petition, he seeks habeas relief on one ground which was litigated in the trial court and raised on direct review: that failure to suppress the search warrant evidence violated his Fourth Amendment rights because the warrant lacked probable cause and there was no evidence justifying a nighttime entry to execute the warrant. Respondents argue that Rosenquist's Fourth Amendment claim is not cognizable on federal habeas review. The Court agrees and recommends that Rosenquist's petition be denied and dismissed with prejudice.

1 | Rosenquist filed a pretrial motion to suppress, arguing there was no "good cause" justifying a nighttime execution of the search warrant under A.R.S. § 13-3917, attaching the search log and search warrant affidavit as exhibits (Doc. #16, Exh V at 31, 36, 43). At a trial management hearing, defense counsel moved to continue the scheduled suppression hearing because the search warrant affiant had not been subpoenaed. The prosecutor objected to the continuance and requested a ruling on the motion to suppress. The trial court ruled that the officer's testimony was not relevant to the motion and that there was probable cause for a nighttime search warrant (*Id.*, Exh W, Minute Entry of 4/1/05). Rosenquist sought leave to challenge the probable cause ruling, contending that the search warrant was not supported by probable cause and the good faith exception to the exclusionary rule was inapplicable (*Id*, Exh V at 47). He also argued again that the affidavit lacked good cause for the nighttime execution of the warrant (*Id.*). Following the conclusion of a suppression hearing, the trial court identified three inaccuracies in the affidavit, but ruled they were not material and denied the motion to suppress (Doc. #16, Exh W, Minute Entry of 5/6/05).

At a subsequent trial management hearing, the trial court set a date for another suppression hearing on the issue of whether the search warrant had been executed prior to judicial authorization. Following several continuances of that hearing, on the date scheduled for the resumption of the suppression hearing, Rosenquist conceded that the officers had a signed search warrant at the time they entered the residence. The Court denied the motion to suppress on that issue (*Id.*, Minute Entry of 9/16/05). The court of appeals ruled that probable cause existed for the issuance of the search warrant and that there was sufficient information presented to the magistrate demonstrating good cause for an immediate, nighttime search (Doc. #16, Exh L). The Arizona Supreme Court denied review (*Id.*, Exh N).

A person convicted in state court may not challenge the conviction in a federal habeas proceeding on the ground of an unconstitutional search and seizure in violation of the Fourth Amendment as long as the state prisoner has been provided a full and fair opportunity to

litigate the claim in state court. *Stone v. Powell*, 428 U.S. 465, 481-82 (1976). The relevant question is whether the state prisoner was given such an opportunity and not whether the prisoner actually challenged the conviction on Fourth Amendment grounds[1] *or* whether the state courts correctly decided the issue. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 899 (9th Cir. 1996). Rosenquist filed more than one motion to suppress, and was afforded more than one hearing. The Court agrees with Respondents that the record reflects that Rosenquist was afforded a full and fair opportunity to litigate his Fourth Amendment claims, thus precluding federal review. *Powell*, 428 U.S. at 482.

**IT IS THEREFORE RECOMMENDED** that Mickey Rosenquist's Amended Petition for Writ of Habeas Corpus be denied and dismissed with prejudice (Doc. #8).

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the ruling debatable.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have seven days within which to file a response to the objections. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v.*

---

[1] Rosenquist contends in his reply that he is arguing a due process violation based not on the unreasonableness of the search but "on the arbitrary action of government officials in selecting Rosenquist's house to search and the arbitrary action of the use of a nighttime search to execute the search warrant on his property." What he has in fact argued in state court and in his federal petition is that the warrant was utterly lacking in probable cause and there was no evidence to justify the nighttime entry. *See* Doc. #8, Amended Petition at 6.

- 3 -

*Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

DATED this 24th day of June, 2010.

_____
David K. Duncan
United States Magistrate Judge