**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Mickey Clarence Rosenquist, | ) | No. CV-09-2495-PHX-FJM |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| Attorney General of the State of Arizona, et al., | ) | |
| Defendants. | ) | |

The court has before it petitioner's amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (doc. 8), petitioner's supplemental memoranda (doc. 14), respondent's response (doc. 16), and petitioner's reply (doc. 19). We also have before us the report and recommendation of the United States Magistrate Judge recommending that the petition for writ of habeas corpus be denied (doc. 20), petitioner's objection to the report and recommendation (doc. 21), and respondent's response to the petitioner's objection (doc. 22).

The Magistrate Judge concluded that petitioner was afforded a full and fair opportunity to litigate his Fourth Amendment claims, thus precluding federal review. Petitioner objects to the report and recommendation on the grounds that the magistrate who issued the search warrant that led to petitioner's arrest was misled by information in an affidavit that the affiant knew or should have known was false, and that the false affidavit amounted to actionable judicial deception in the procurement of the warrant. Petitioner

1 contends that because of the material failures in the affidavit, the warrant was issued without probable cause. Petitioner also argues that government officials violated his right to due process when they arbitrarily selected his house to search, and arbitrarily chose to execute the search warrant at night.

We do not reach the merits of petitioner's Fourth Amendment claim because we agree with the Magistrate Judge that it is not cognizable on habeas corpus review . Petitioner had a full and fair opportunity to litigate his Fourth Amendment claims in state court. See Stone v. Powell, 428 U.S. 465, 481–82, 96 S.Ct. 3037, 3046 (1976). The Superior Court of Arizona held hearings on petitioner's motions to suppress on April 1, 2005, and on May 6, 2005. Additionally, to the extent that petitioner raises a new due process claim in his objection to the magistrate's report and recommendation, such an argument does not satisfy the exhaustion requirement for habeas review because petitioner did not fairly present it in the state court proceedings. See 28 U.S.C. § 2254(b)(1)(A); Anderson v. Harless, 459 U.S. 4, 6, 103 S.Ct. 276, 277 (1982).

We therefore accept the recommended decision of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1). **IT IS ORDERED DENYING** the petition for writ of habeas corpus (doc. 8).

DATED this 21st day of July, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge